**FARMERS INSURANCE EXCHANGE, By and Through Farmers Underwriters Association, Attorney In Fact, Plaintiff,**

v.

**Chad W. LEWIS, Defendant.**

No. 69-236.

United States District Court, E. D. Oklahoma.

July 10, 1970.

Richard D. Wagner of Knight, Wilburn & Wagner, Tulsa, Okl., for plaintiff.

Jack Thomas of Best, Sharp, Thomas & Glass, Tulsa, Okl., for defendant.

Byron D. Todd, Tulsa, Okl., for Intervenor.

## MEMORANDUM OF DECISION

LANGLEY, Chief Judge.

This cause was tried to the court without a jury on June 11, 1970. At the conclusion of the trial the court reserved decision and took the case under advisement.

There is no dispute as to the significant facts. The plaintiff is a Nevada corporation, with its principal place of business in California. The defendant is a citizen of Oklahoma, residing in this district. The amount in controversy exceeds $10,000.00, exclusive of interest and costs. On August 3, 1968, the plaintiff insurance company issued its policy of public liability and property damage insurance to the defendant Chad Lewis on a motor vehicle owned by Lewis. On August 26, 1968, an endorsement was added changing the coverage from the original vehicle to a 1968 Ford pickup truck which Lewis had subsequently acquired. The premium on the policy was $41.00 for a period of six months, the expiration date being February 3, 1969.

The premium was not paid at the time the policy was issued, and had not been paid on September 23, 1968, when notice was mailed by the insurance company advising Lewis that the policy would expire on October 6, 1968, for failure to pay the premium unless payment was received before that date. The notice was received by Lewis on or before September 26, 1968. Payment was not made and on October 17, 1968, notice was mailed by the company to Lewis advising him that his policy had been cancelled.

On October 13, 1968, the pickup truck designated in the policy was involved in an accident while being driven by Lewis. The following day Lewis contacted the agent for the company through whom the policy was purchased and advised him about the accident, and offered to pay the premium. Payment was accepted by the agent for transmittal to the company, but with the understanding that reinstatement of the policy would probably be effective as of the date of the payment rather than as of October 6. Upon receipt of the premium payment the company did in fact reinstate the policy for Lewis, omitting the period from October 6 to October 14, 1968, during which the accident occurred, and ex-

tending the expiration date to February 11, 1969.

It was the practice of the insurance company at the time to allow sixty days to a purchaser of insurance within which to pay the policy premium. During this period of credit extension, coverage was afforded without premium payment. The practice was a company method of doing business, however, and not a contractual agreement with the policy purchaser. It was in conformity with this practice that notice of cancellation was mailed about ten days before the expiration of the sixty day credit period.

Following the accident on October 13, 1968, Chad Lewis was sued for damages in the District Court of Pittsburg County, Oklahoma, for negligence arising out of the use of the Ford pickup truck. The insurance company then instituted this action against Lewis to determine whether or not it was obligated to defend the state court action and to pay any damages assessed against Lewis to the extent of the policy coverage. Lewis failed to answer within the time prescribed and became in default. Upon timely motions, however, the plaintiff in the state court action, Junior Ray Giboney, and his insurance carrier, State Farm Mutual Insurance Company were allowed to intervene, Giboney upon the basis of his claimed rights against the Farmers Insurance Exchange in the event of recovery in his state court action, and the State Farm Mutual upon the basis that its coverage of Giboney's vehicle against uninsured motorists. The case was tried with the plaintiff, Farmers Insurance Exchange, and the intervenors, Giboney and State Farm Mutual, as opposing parties.

At the time notice of cancellation was mailed by the company on September 23, 1968, notice was sent to Chad Lewis by the company to the same effect with respect to another policy issued by the company on a 1968 Cadillac automobile owned by him. When Lewis offered to pay the premium on the Ford pickup truck involved in the accident, he also offered to pay the premium on the Cadillac, and this was accepted with the same understanding. However, the company reinstated the Cadillac policy without omitting the eight day period between October 6, 1968 and October 14, 1968. It is the position of the intervenors that the notices mailed on September 23, 1968, advising Lewis of the cancellation of his policy on October 6, 1968, if payment of the premiums was not received prior to that date, did not constitute an effective cancellation of the policies; and that cancellation was not actually affected until the cancellation notice mailed October 17, 1968, by which time the policy premiums had been paid. It is the further position of the intervenors that the willingness of the company to reinstate the Cadillac policy without omitting the eight day period from October 6, to October 14, 1968, is a clear indication that it was the company's intention to cancel the Ford pickup policy effective October 17, 1968, and that the prior notice was merely a warning. The plaintiff's position is that the reinstatement of the policies is a matter between the company and Chad Lewis, its policy holder, and in no way detracts from the effectiveness of the cancellation notices.

■ The policy itself provides that "this policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating in not less than ten days thereafter such cancellation shall be effective." This is the only contractual arrangement between the company and the insured pertinent here. The only question, therefore, is whether or not the notice mailed September 23, 1968, was sufficient to constitute cancellation of the policy by the company under this provision. This notice contains the following language:

"We wish to remind you that your premium shown has not been paid, and to notify you accordingly that the insurance coverage indicated above will be cancelled and all liability of the Exchange or Company indicated

above will cease at 12:00 noon on the cancellation date shown."

The cancellation date is shown as October 6, 1968, the premium due is shown as $41.00, and the policy number is indicated on the notice. The notice also advises the policy holder that if payment has already been made or if payment is received prior to the cancellation date the policy would be continued in force without interruption. This notice, in the opinion of the court, should have left no question in the mind of Chad Lewis, the insured, that from and after 12:00 noon October 6, 1968, he would have no insurance coverage under the policy unless the premium had been paid before then. The notice obviously urges the insured to avoid cancellation by payment of the premium, the words "avoid cancellation" being prominently printed on the notice form, but this in no wise leads the insured to believe that anything other than payment of the premium could continue his policy in effect after October 6, 1968.

The court is of the further opinion that the subsequent notice mailed October 17, 1968, advising the insured that his policy had been cancelled was nothing more than a courtesy notice informing Lewis of what had already been done, and perhaps an invitation to seek reinstatement; that at the time it was sent the policy had been effectively cancelled. In this connection, it should be pointed out that no established method of doing business with Chad Lewis prevailed at the time and the handling of the policy of the insurance on Lewis' Cadillac could have no bearing on its handling of his insurance on the Ford pickup.

It is the conclusion of the court that this court has jurisdiction over the parties and subject matter herein involved. It is the further conclusion of the court that at the time of the accident which is the subject matter of the action in the state court, October 13, 1968, the plaintiff's policy number 08 2952 53 20 issued to Chad Lewis on a 1968 Ford pickup truck, was not in force and effect and that by reason thereof the plaintiff company is not obligated in any way to the said Chad Lewis or to the intervenors herein under its policy of insurance.

Judgment will be entered accordingly.